Michelle Uzeta, Esq., SBN 164402
LAW OFFICE OF MICHELLE UZETA
michelle@uzetalaw.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Ph: (626) 765-7625

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Dominquea Johnson**, | Case No. |
| Plaintiff, | **Complaint for Injunctive Relief and Damages** for Violation of: |
| v. | 1. Title II of the American's With Disabilities Act, 42 U.S.C. §12131 *et seq.*; |
| **City of Whittier,** | 2. Unruh Civil Rights Act, Cal. Civ. Code § 51; and |
| Defendant. | 3. California's Disabled Persons Act, Cal. Civ. Code § 54. |

Plaintiff Dominquea Johnson complains of Defendant City of Whittier and alleges as follows:

## INTRODUCTION

1. Plaintiff Dominquea Johnson ("Plaintiff"), an individual with physical disabilities who uses a wheelchair for mobility, brings the instant action alleging that Defendant City of Whittier ("City" or "Defendant") has discriminated against her on the basis of her disability in violation of federal and state anti-discrimination statutes.

2. Specifically, Plaintiff alleges that Defendant has failed and/or refused to properly construct, alter, and/or maintain the public facilities of Kennedy Park, located at 8530 Painter Avenue, in the City of Whittier, California ("Park"), such that the facilities are inaccessible to, and unusable by her as a person with physical disabilities.

3. As a result of Defendant's failure to ensure the accessibility of the public facilities at the Park, Plaintiff has been, and will continue to be, denied full and equal access to Defendant's programs, services, and activities, all to her damage.

4. Through this lawsuit, Plaintiff seeks an injunction requiring Defendant to provide her "full and equal" access to the public facilities at the Park as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs, and litigation expenses for enforcing her civil rights.

## PARTIES

5. Plaintiff Dominquea Johnson is, and at all times relevant herein was, an individual and resident of the State of California.

6. Defendant City of Whittier is, and at all times relevant herein was, a political subdivision of the State of California.

Complaint

**JURISDICTION & VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

8. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same transactions and nucleus of operative fact are brought under California's Unruh Civil Rights Act ("Unruh Act") and Disabled Persons Act ("CDPA"), both of which expressly incorporate the ADA. Cal. Civ. Code §§ 51(f), 54(c) and 54.1(d).

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS**

10. Kennedy Park is a public park located at 8530 Painter Avenue, in the City of Whittier, California.

11. The Park provides amenities including barbecues, outdoor classrooms, picnic tables, play equipment and restrooms.

12. The Park and its related public facilities are owned, operated, and maintained by Defendant City of Whittier.

13. The City is responsible for the operation and maintenance of the facilities of the Park, as well as for the sidewalks, curbs and streets surrounding the Park.

14. The facilities of the Park are available for rent from the City's Department of Parks, Recreation and Community Services for a monetary fee. *See:* https://www.whittierprcs.org/Home/Components/FacilityDirectory/FacilityDirectory/30/1898

Complaint

15. Plaintiff is an individual with physical impairments that substantially limit her mobility.

16. Plaintiff is unable to stand or walk due and uses a wheelchair for mobility.

17. In order for Plaintiff to have equal access to and use of the public facilities at the Park, those facilities must be configured to accommodate wheelchair users and maintained to be accessible.

18. In December 2021, Plaintiff moved to a home on Painter Avenue in the City of Whittier.

19. The Park in within a half-mile of Plaintiff's home.

20. The Park is Plaintiff's neighborhood park.

21. Since December 2021, Plaintiff has sought to access the Park on a number of occasions with her four minor nephews.

22. At all times relevant herein there has been no way for Plaintiff to enter the Park from the public right of way or adjacent public parking lot.

23. Although there is a ramped entrance off the parking lot, that entrance and route into the Park has been, and continues to be blocked by fencing in two places and is unusable by wheelchair users as demonstrated by the following photos.

//
//
//
//
//
//
//
//
//

Complaint

**PHOTO 1:** Obstructed access ramp from parking lot.



**PHOTO 2:** Obstructed route into Park.



Complaint

24. Other entry points to the Park are inaccessible due to the presence of stairs and rocks, as illustrated by the following three photos.





Complaint



25.     Plaintiff first encountered the barriers to entering the Park on January 19, 2022. Plaintiff traveled around the perimeter of the Park and discovered there was no way for her to enter using her wheelchair. At the time, Plaintiff thought that the fencing blocking the accessible entrance might be temporary, so she went home. Over the course of the following seven weeks, Plaintiff passed the Park on a number of occasions, but the fencing and other barriers to entry remained. Plaintiff was deterred from visiting the Park during this period.

49.     On March 14, 2022, Plaintiff took her nephews to the Park, as they wanted to run around and play on the Park's play structure. Plaintiff was unable to enter the Park in her wheelchair due to the continuing presence of fencing that blocked the access ramp and accessible entrance to the Park, and the stairs and rocks obstructing any other possible site arrival point. Plaintiff

remained parked on the public sidewalk while her nephews entered the Park to play. This was embarrassing and frustrating to Plaintiff.

50. Claimant visited the Park on other occasions with her nephews, including March 23, 2022, and April 1, 2022. Again, Plaintiff was prevented from entering the Park due to the presence of fencing, stairs and rocks obstructing the accessible entrance and all site arrival points. Again, Plaintiff sat parked on the sidewalk in her wheelchair, embarrassed and frustrated, while her nephews played in the Park.

51. On April 12, 2022, Plaintiff's complaints were investigated and the barriers she encountered were confirmed.

52. On May 5, 2022, Plaintiff, by and through counsel, submitted a request for reasonable accommodation to the City.

53. In her reasonable modification request, Plaintiff put the City on notice of the barriers she had personally encountered when trying to enter and access the Park and described how those barriers affected her.

54. In her reasonable modification request, Plaintiff also put the City on notice of the following additional access barriers, all of which would need to be remediated for her to be able to access and use the facilities of the Park:

    a. None of the picnic tables are on an accessible route. Reaching the picnic tables requires a wheelchair user to traverse soft, loose, ground surfaces that are neither stable, firm nor slip-resistant.

    b. Barbeques, trash receptacles and recycling bins within the site are inaccessible to wheelchair users as they are not on an accessible route. Reaching all of these amenities

requires a wheelchair user to traverse soft, loose, ground surfaces that are neither stable, firm nor slip-resistant.

c. On information and belief, none of the picnic tables are wheelchair accessible. Specifically, the picnic tables do not provide sufficient knee and toe clearances.

55. In her reasonable modification request Plaintiff asked the City to: (1) retain a Certified Access Specialist ("CASp") to inspect the public facilities of the Park -- *including but not limited to site arrival points, walking paths and surfaces, parking, picnicking areas, restrooms, and playgrounds* -- and make recommendations as necessary to remediate the facilities and make them accessible as required by law; and (2) implement the recommendations of the CASp.

56. The City has neither acknowledged nor responded to Plaintiff's reasonable modification request.

57. On June 22, 2022, Plaintiff again visited the Park, in part to see if the accessibility barriers that she had complained about had been removed. Plaintiff was frustrated and disappointed to find that he barriers to entry were still present, preventing her from accessing or using the Park.

58. The City's failure to provide and maintain an accessible route into the Park has caused Plaintiff difficulty, discomfort, and embarrassment.

59. The City's failure to provide and maintain an accessible route into the Park has forced Plaintiff to remain on the sidewalk while her nephews enter and play in the Park. These experiences have made Plaintiff feel conspicuous and unwelcome in her own community.

Complaint

60. The City's failure to provide and maintain an accessible route into the Park has prevented Plaintiff from being able to access, use and enjoy the amenities of the Park, and deter her from visiting the Park.

61. The City's failure to ensure the accessibility of other amenities of the Park, including but not limited to the picnic tables, barbeques, trash receptacles and recycling bins, prevent Plaintiff from having full and equal access to the Park.

62. On information and belief there are additional accessibility barriers at the Park that relate to Plaintiff's disability and preclude her from having full and equal access to the Park.

63. On information and belief, all of the above-described barriers still exist at the Park.

64. Plaintiff plans to return to the Park, both on her own and with her family as soon as the accessibility barriers are remediated. Plaintiff plans to visit the Park on weekends to relax, barbeque, and watch her nephews play on the play structure.

65. On information and belief, the facilities at the Park have undergone construction and/or alteration since January 1, 1982, triggering applicability of California accessibility standards, California Code of Regulations, Title 24. Plaintiff is informed and believes, and on that basis alleges that Defendant has failed to comply with these standards.

66. On information and belief, the facilities at the Park have undergone construction and/or alterations since January 26, 1992, triggering applicability of ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. D. Plaintiff is informed and believes, and on that basis alleges that Defendant has failed to comply with these standards.

Complaint

67. On information and belief, Defendant has no policies in place to ensure that the facilities of their public parks are constructed, altered and/or maintained to be accessible to and usable by people with disabilities who use wheelchairs.

68. Until the barriers to accessibility that exist at the Park are removed and Defendant's unlawful and discriminatory policies and practices regarding the construction, alteration and/or maintenance of its public parks are modified, Plaintiff will continue to be denied full and equal access to and use of the Park and will suffer ongoing discrimination and damages as a result.

69. The nature of Defendant's discrimination constitutes a continuing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff.

70. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct will not afford adequate relief for the harm caused by the ongoing and continuous wrongful conduct of Defendant and the resulting denial of Plaintiff's civil rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

## GOVERNMENT CLAIM

*(With regard to claims for damages under California State Law)*

71. Plaintiff timely filed a claim pursuant to § 910 *et seq*. of the California Government Code with the City on or about May 5, 2022.

72. The City acknowledged receipt of Plaintiff's government claim via a letter from James Hirsh, Senior Claims Representative, dated May 13, 2022.

73. There has been no further communication from the City regarding Plaintiff's government claim. As such, Plaintiff's government claim has been rejected as a matter of law. *See* Cal. Gov't Code § 911.6(c).

# FIRST CAUSE OF ACTION
## Title II of the Americans with Disabilities Act
### 42 U.S.C. § 12131 *et seq.*

74. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

75. Title II of the Americans with Disabilities Act ("ADA") provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

76. Plaintiff is, and at all times relevant herein was, a person with a "disability" within the meaning of the ADA. 42 U.S.C. § 12102.

77. The City is a public entity within the meaning of the ADA. 42 U.S.C. § 12131(1).

78. The City has fifty (50) or more employees.

79. The provision, operation, and maintenance of the Park for the benefit of the public is a program, service, and/or activity of the City.

80. Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA. 42 U.S.C. § 12131(2). As a member of the public, Plaintiff meets the essential eligibility requirements for the use of the public facilities of the Park.

81. Under Title II of the ADA Defendant was required to conduct a self-evaluation of its services, policies, and practices, and the effects thereof, by no later than January 26, 1993. 28 C.F.R. § 35.105(a). On information and belief, as of the date of the filing of this Complaint, Defendant has failed to conduct a self-evaluation of its services, policies, and facilities at the Park.

82. Under Title II of the ADA Defendant was required to develop a transition plan setting forth the steps necessary to complete the structural

Complaint

changes necessary to achieve program accessibility at the Park within six months of January 26, 1992. 28 C.F.R. § 35.150(d)(1). On information and belief, as of the date of the filing of this Complaint, Defendant has failed to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility at the Park.

83. Under Title II of the ADA Defendant was required to remove physical barriers that limit or deny people with disabilities access to its programs, services, and activities by no later than January 26, 1995. 28 C.F.R. § 35.150(c). On information and belief, Defendant has failed, since the ADA was enacted and every year thereafter, to take appropriate measures to identify and remove barriers to the Park.

84. Under Title II of the ADA, Defendant has an affirmative and ongoing obligation to operate the Park's public facilities so that they are "readily accessible to and usable by individuals with disabilities" (28 C.F.R. § 35.150(a)). In acting as herein alleged, Defendant has failed and refused to fulfill this obligation.

85. Under Title II of the ADA, Defendant has an affirmative obligation to design, construct, and/or alter the public facilities at the Park in a manner such that they are readily accessible to and usable by individuals with disabilities, when the construction or alteration was commenced after January 26, 1992. 28 C.F.R. § 35.151. In acting as herein alleged, Defendant has failed and refused to fulfill this obligation.

86. Under the ADA's accessibility standards, at least one accessible route be provided within a site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. ADA Standard 206.2.2. As described herein, Defendant does not provide such

Complaint

a route at and into the Park. Site arrival points are obstructed by fencing, rocks, and steps.

87. Under the ADA's accessibility standards, at least one accessible route connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site. ADA Standard 206.2.2. Walking surfaces that are part of an accessible route must be stable, firm and slip resistant. ADA Standard 403.2; 302.1. As described herein, Defendant does not provide accessible walking surfaces to connect the various elements within the Park. The picnic tables, barbeques, trash receptacles and recycling bins at the Park are only reachable by traversing soft, loose, ground surfaces that are neither stable, firm nor slip-resistant.

88. Under the ADA Standards, dining surfaces provided for the consumption of food and drink must be accessible and dispersed thru-out the site. ADA Standards 902.2; 902.3; 305; 306; 226.1; 226.2. On information and belief, Defendant does not provide any accessible dining surfaces at the Park. On information and belief, all the picnic tables provided lack required knee and toe clearances.

89. Under Title II of the ADA, Defendant has an affirmative and ongoing obligation to maintain in operable working condition those features of the Park that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 35.133(a). In acting as herein alleged, Defendant has failed to maintain the facilities of the Park so that they are accessible to and usable by people with disabilities who use wheelchairs, including Plaintiff. The Parks site arrival points are obstructed by fencing, rocks and steps, and its picnic tables, barbeques, trash receptacles and recycling bins are all on walking surfaces that have not been maintained in stable, firm and slip resistant condition.

Complaint

90. Although the City's maintenance obligations do not prohibit "isolated or temporary interruptions in service or access due to maintenance or repairs," 28 C.F.R. § 35.133(b), that is not the situation at the Park. There is no evidence that the obstruction to the accessible site arrival point is due to maintenance or repair. Moreover, the obstruction has persisted for over half a year. Notably, only disabled access to the Park has been obstructed; the Park and its facilities remain open to, accessible to, and usable by, non-disabled members of the public.

91. Under Title II of the ADA, Defendant is required to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against individuals on the basis of their disability. 28 C.F.R. § 35.130(b)(7). Defendant violated Plaintiff's right to reasonable modification when it failed and refused to act on Plaintiff's May 5, 2022, reasonable modification request.

92. Defendant's acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit and use of the public facilities at the Park, in violation of Title II and its implementing regulations and standards. In addition to the violations described above, Defendant's discriminatory conduct includes, *inter alia*:

    a. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered at the Park, on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(i));

    b. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered at the Park that is not equal to that afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

Complaint

      c. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered at the Park (28 C.F.R. § 35.130(b)(1)(vii));

      d. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of her disability (28 C.F.R. § 35.130(b)(3)(i)); and

93. Defendant's duties under Title II of the ADA pertaining to the accessibility of the Park are affirmative, ongoing, mandatory, and long-established. Defendant had knowledge of its duties at all times relevant herein; its failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

94. Defendant was provided actual notice of the barriers at the Park; the impact those barriers have on Plaintiff; and its duty to remove such barriers under Title II of the ADA. Despite this knowledge, Defendant failed and refused to take any steps to remove the barriers or otherwise address Plaintiff's concerns and reasonable modification request. Defendant's failures in this regard constitute deliberate indifference.

95. Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**
**Unruh Civil Rights Act**
**California Civil Code § 51 *et seq.***

96. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

97. The Unruh Civil Rights Act ("Unruh Act") guarantees, *inter alia*,

Complaint

that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

98. By the Unruh Act's express terms, which incorporate the ADA, it applies to public entities. *See* Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.")

99. A violation of the ADA is a *per se* violation of the Unruh Act. Cal. Civ. Code § 51(f).

100. Plaintiff is, and at all times relevant herein was, a "physically disabled person" as that term is defined under California law, Cal. Gov. Code § 12926.

101. The City is a "business establishment" for purposes of the Unruh Act in this instance. The City has engaged in behavior involving "businesslike attributes" in that it rents out the facilities of the Park to members of the public for monetary gain. As such, Defendant must operate the facilities of the Park in a manner that complies with the provisions of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*.

102. Defendant has violated the Unruh Act by, *inter alia*, denying, or aiding or inciting the denial of, Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services at the Park.

103. Defendant has also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA. *See* Plaintiff's First Cause of Action.

104. Defendant's duties under the Unruh Act pertaining to the accessibility of the Park are affirmative, ongoing, mandatory, and long-established. Defendant has knowledge of their duties at all times relevant

Complaint

herein; its failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

105. Defendant was provided actual notice of the barriers to the Park and its discriminatory policies; the impact those barriers and discriminatory policies have on Plaintiff; and its duty to remove and modify such barriers and policies under the Unruh Act and related federal and state laws. Despite this knowledge, Defendant has failed and refused to take any steps to remove the barriers, modify their policies or otherwise address Plaintiff's concerns or reasonable modification requests. Defendant's failures in this regard constitute deliberate indifference.

106. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §52, Plaintiff prays for judgment as set forth below.

**California Disabled Persons Act**
**California Civil Code § 54**
***(Statutory damages and attorneys' fees only)***

107. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

108. The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, ..., public facilities, and other public places." Cal. Civ. Code § 54(a).

109. The CDPA also provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, … and privileges of all … places of public accommodation, amusement, or resort, and other places to which the general public is invited."

110. A violation of the ADA constitutes a violation of the CDPA. Cal. Civ. Code §§ 54(c) and 54.1(d).

111. Defendant's acts and omissions, described herein, violate the rights of Plaintiff under the CDPA. Among other things, Defendant failed to ensure that those of its public facilities constructed or altered after December 1981 conformed to the standards contained in California Code of Regulations, Title 24.

112. Defendant has also violated the CDPA by violating the ADA.

113. Defendant's duties under the CDPA are mandatory and long-established. Defendant is deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged, was willful and knowing and/or the product of deliberate indifference.

114. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a).[1]

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and the Unruh Act ordering Defendant to:
    a. Take the steps necessary to bring the public facilities at the Park into compliance with applicable federal and state accessibility standards and programmatic access requirements, and make them fully and equally available to individuals with mobility disabilities; and

---

[1] Damages are not recoverable under both the Unruh Act and the CDPA, see Cal. Civ. Code § 54.3(c). For purposes of this action, if given the choice of recovery under both statutes, Plaintiff selects damages pursuant to the Unruh Act.

    b. Modify their policies and practices to ensure compliance with new construction, alteration and maintenance standards and program accessibility obligations at the Park moving forward.

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;
3. Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and
4. Award such other and further relief as the Court deems just and proper.

Dated: August 1, 2022        LAW OFFICES OF MICHELLE UZETA

By:   /s/ Michelle Uzeta
       Michelle Uzeta, Esq.
       Attorney for Plaintiff

20

Complaint